ENRIQUE IGARAVÍDEZ, Plaintiff and Appellee, *v.* LUISA CASIANO AND LUIS JIMÉNEZ, Defendants and Appellants.

No. 7514. Argued January 10, 1938.—Decided March 31, 1938.

*Bolívar Pagán & Ortiz Alibrán* for appellants. *E. Igaravídez,* in his own right, and *M. Rivera de la Vega* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

On December 7, 1936, Enrique Igaravídez began an ordinary suit to foreclose a mortgage against Luisa Casiano and her husband, Luis Jiménez. A demurrer for insufficient facts to state a cause of action was submitted without argument, by the defendants, and overruled. Subsequently a general

denial was interposed by the defendants and the case was set for a hearing to be held on March 10, 1937. On March 9, 1937, two motions were filed with the District Court of San Juan, one expressing the resignation of Angel Rivera Colón as attorney for the defendants, and the other, presented by the defendants themselves, applying for a postponement of the hearing. On the following day the court heard the case and thereafter rendered judgment for the plaintiff, holding therein that there was no reason for a postponement. The defendants appealed to this Court.

On May 28, 1937, we refused to dismiss the appeal as frivolous. We have now before us a second motion to dismiss the appeal on the ground that it is frivolous and has been prosecuted for the sole purpose of delaying the course of justice.

At this time the record on appeal is complete, and both parties have filed their briefs on the merits. The only error assigned by the defendants attacks the court's denial of the motion to suspend or postpone the trial of the case. Appellee maintains that the record amply discloses the weakness of the defendants' motion to suspend, which was not upheld by any affidavit of merits or allegation of a specific and meritorious defense.

In considering this motion to dismiss we have carefully studied each and every paper filed by the parties in this proceeding. Only one factor militates in favor of the appellants herein, and that is the fact they were not actually represented by counsel when this case came on to be heard in the trial court. Assuming that this state of affairs resulted from the lower court's refusal to postpone the case, did this refusal constitute an abuse of the judge's discretion? In order to answer this question we must consider all the accompanying circumstances.

The only defense put up by the defendants in their answer to the complaint, was a general denial. Under such a plea a judge is more than justified in supposing that the defend-

ant primarily seeks to put the plaintiff to his proof. The complaint was one in foreclosure of a mortgage which was evidenced by a public document. The proof of the obligation was prima facie clear. Although the trial court did not express its reasons for not postponing the hearing of the case, the action of the defendants then, thereafter, and as appellants in this Court, have more than borne out the reasonableness of such a refusal. The defendants failed to support their main contention in their motion for postponement of the case. They should perhaps have accompanied a certified statement or statements from attorneys who had refused to take up their defense because of lack of time. It seems probable that some attorney would have taken the case and filed the proper motion to suspend. Furthermore there was no averment in said motion to the effect that the defendants had a special defense, such as they now indicate. It may also be added that even after the judgment, and before appealing to this Court, they, and more particularly their attorneys, might still have given the trial court an opportunity to set aside its decision, under Section 140 of the Code of Civil Procedure. This, they failed to do.

Nowhere in the record is there any writing which even resembles an affidavit of merits. Appellants say that they have a defense of partial payment, but this averment is not made under oath, and was not specifically presented to the lower court.

Under all the circumstances of this case, and especially in view of the fact that appellants have not convinced us that they have a meritorious case on appeal, or that they have any defense to the main action, entitling them to another chance before the court of first instance, we are of the opinion that the appeal should be dismissed as frivolous.

It is so ordered.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.